Jamie Clover Adams Secretary of Agriculture Department of Agriculture 109 S.W. 9th Street Topeka, Kansas 66612
Dear Ms. Adams:
As Secretary of Agriculture you inquire about the application of the Kansas Tort Claims Act[1] to members of the Kansas Dairy Commission.
The Kansas Tort Claims Act (Act) was enacted to make governmental liability the rule for negligent acts or omissions, and governmental immunity the exception. Generally, the Act imposes liability on a governmental entity for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.[2]
Under the Act, the term "governmental entity" in part refers to the "state"[3] and "state" means "the state of Kansas and any department or branch of state government, or any
agency, authority, institution or other instrumentality thereof."[4]
The first matter of inquiry is thus whether the Kansas Dairy Commission is a state governmental entity for purposes of the Kansas Tort Claims Act.
The Kansas Dairy Commission was created by the Kansas Legislature[5]
"to conduct a campaign of dairy industry development, through research, education and information."[6] Further, statutes establish the composition of the Commission,[7] the qualifications of its members[8], the length of member terms,[9] as well as the schedule of Commission meetings.[10] Specific duties, authorities and powers are circumscribed by statute.[11] The administration and projects of the Commission are funded through a legislatively enacted assessment on milk produced and sold in Kansas, albeit a milk seller may choose to obtain a refund of the assessment.[12]
A series of Attorney General opinions[13] have identified various factors to consider when assessing whether a particular entity is considered a "governmental entity" for purposes of the Kansas Tort Claims Act. These identified factors include:
 • Whether the entity itself was created, recognized or governed by legislation or other governmental act.
 • Whether the entity's duties, powers, authorities, functions or purposes are established by statute.
 • Whether the entity was established to exercise or perform governmental or quasi-governmental powers or functions.
 • Whether the entity is authorized to administer a revenue-producing public enterprise.
 • If a sub-entity or an entity created by a governmental entity, whether a state agency maintains significant control over the sub-entity.
 • Whether the entity's purposes specifically promote public benefit as opposed to private commercial interests.
Of these, the over-arching and most consistently mentioned consideration is whether the entity itself was created, recognized or governed by legislation or other governmental act. Clearly, the Kansas Dairy Commission was created and continues in existence only by virtue of an act passed by the Kansas Legislature and signed into law by the Governor. Additionally, the specific duties, authorities and powers of the Commission are established by statute. While it may be arguable whether the remaining factors are applicable, based on the primary factor we opine that for purposes of the Tort Claims Act, the Commission may be considered an "agency, authority, institution or other instrumentality" of the state.
We turn now to the related issue of whether members of the Commission would be considered employees of the Commission for Tort Claims Act purposes. The Act defines the term "employee" in part as:
 "[A]ny officer, employee, servant or member of a
board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation. . . ."[14]
Under this definition we can say without hesitation that members of the Kansas Dairy Commission are employees of the Commission for purposes of the Kansas Tort Claims Act.
You also inform us that during the upcoming legislative session, the four Kansas Grain Commissions (corn, grain sorghum, soybeans and wheat) will request legislation to restructure in a format similar to the Dairy Commission, created by statute but allowed to operate outside the state budgeting and personnel systems. You inquire about the effect of these potential changes on possible tort liability.
Assuming legislative restructuring follows the format of the Kansas Dairy Commission, in our opinion the commissions would each be considered an "agency, authority, institution or other instrumentality" of the state and commission members and any employees would be considered employees of their respective commissions for purposes of the Kansas Tort Claims Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 75-6101 et seq.
[2] K.S.A. 75-6103.
[3] K.S.A. 75-6102(c).
[4] K.S.A. 75-6102(a).
[5] K.S.A. 1999 Supp. 47-2302.
[6] K.S.A. 1999 Supp. 47-2303(a).
[7] K.S.A. 1999 Supp. 47-2302.
[8] K.S.A. 1999 Supp. 47-2302(c).
[9] K.S.A. 1999 Supp. 47-2302(a).
[10] K.S.A. 1999 Supp. 47-2302.
[11] K.S.A. 1999 Supp. 47-2303.
[12] K.S.A. 1999 Supp. 47-2304.
[13] Attorney General Opinions No. 86-45; 86-155; 88-48; 92-104;93-62; 95-78; 95-115; 96-10; 97-81.
[14] K.S.A. 75-6102.